On behalf of Mr. Smith, on behalf of Jennifer DeLugos, on behalf of the Appalachian State, Mr. Edward R. Smith. May it please the court, my name is Jennifer DeLugos and I'm an attorney with Jenner & Block. We are a pro bono counsel for appellant defendant Kenneth Smith. This appeal involves the reimbursement of reasonable expenses Mr. Smith's attorneys paid out of their own pockets while defending Mr. Smith at trial. The trial court erred as a matter of law when it denied the reimbursement to Mr. Smith's counsel for these expenses. Illinois law provides for reimbursement of reasonable fees and expenses. That's a good question, a good issue that you just brought up, reasonable fees. Didn't your firm order daily copy on these transcripts? Yes, we did order the daily copy of these transcripts. So how do you submit that's reasonable? The daily transcripts are about 15.5% more expensive than the regular transcripts. And at the very least we would submit that the regular transcripts would be reasonable because under Rule 607 the state would have otherwise paid for these transcripts. So you're saying in the alternative, an alternative argument today is if you don't, aren't reimbursed for transcripts you should be reimbursed for transcripts if you had ordered them at the end of the case? Correct. When the trial court decided on Mr. Smith's motion, our reimbursement motion and the 607 motion, it found him indigent and it also granted his motion for reimbursement of the transcripts under 607. That weren't already paid for. Right, yeah, explicitly excluded the ones that weren't already paid for. And I mean we're arguing that was a windfall to the county because those should have otherwise been paid for under 607. And as I just stated, the price under 607 would have been about 15.5% less than what we paid. Weren't there some duplicate transcripts ordered as well? We didn't order any duplicate transcripts. It appears according to the brief that the respondent wrote that those transcripts were actually produced but the order only included the transcripts that we hadn't already paid for. That was a mistake when they reproduced those transcripts. Whose mistake? The mistake of the person transcribing and producing the Rule 607 transcripts. The judge's order explicitly excluded the transcripts that were already paid for by us, by General Block. So the court reporter just made a mistake and that's your position? Correct. Illinois law provides for the reimbursement of reasonable fees and expenses under 725 ILCS 5-113-3. The statute states the court shall order the county treasurer of the county of trial to pay counsel other than the public defender a reasonable fee. Then in the next sentence, the statute provides that the court shall consider all relevant circumstances, including expenses reasonably incurred by counsel. I should point out at this point that we do quote this section in our brief on page 6, but it doesn't clearly delineate between the two sentences. So to set the record straight, the statute says in the first sentence that reasonable fees should be reimbursed and that in determining those reasonable fees, the court shall consider all expenses reasonably incurred by counsel. In determining a fee, correct? In determining what's a reasonable fee? Correct. And we're only seeking our expenses. We're not seeking our attorney's fees. Are they talking about for appointed counsel? The statute does talk about appointed counsel. However, cases have also considered pro bono counsel under these statutes, such as People v. Evans, where it explicitly noted that the defendant was represented by pro bono counsel and, in fact, counsel from general block. How is it that you came to be counsel on the case? Me personally? Your firm. Our firm was contacted, I believe, by Mr. Smith's family after his first trial and appeal. And they didn't have the money to pay? Correct. So you offered to do a pro bono? Correct. He was found an indigent in his first trial and again after his second trial, and he's been in prison the entire time and has no source of income. What is your argument? I'm just having a problem with your argument in your brief where you talk about pro bono counsel or you talk about counsel under 113 to be paid their fees, reasonable fees, and to be reimbursed for expenses. If I follow your line of thinking, you're kind of treading on pro bono could be paid reasonable fees. Isn't the term pro bono free? I mean, doesn't it lend itself to saying that's free legal counsel? You're absolutely correct, and that's why we're not seeking our fees. We are pro bono counsel. Right, but this whole point of that portion of the statute talks about how we determine what is a reasonable fee. How do you get around that pretty clear reading of the statute? We believe that while the statute provides for a reasonable fee, there's also an expenses curtain there. And while we are pro bono counsel, we provide our legal services for free, but expenses are a different matter. We have to pay out of our own pocket and out of our coffers for these expenses. Isn't that what you accept when you become pro bono counsel? Pro bono counsel, I believe you accept the fact that you're defending the defendant for free. However, to the extent, I mean, in all our engagement letters and in general pro bono practices, to the extent you can get reimbursement of expenses paid, we will pursue those. Right, to the extent you can. To the extent of my original question is how do you justify that last portion of the statute that seems to be a reasonable reading to say these are things, including expenses, that would be considered in determining a reasonable fee? They are not two separate and distinct avenues of reimbursement from the county or other entity. Are you asking whether we have to get a fee to get an expense? I'm asking you how you read this statute to find that you're entitled to a reasonable fee, you're appointed counsel, and you're entitled to reasonable expenses. I read the statute somewhat differently than I'm interested in your analysis. Okay. No, I read the statute as you're entitled to a reasonable fee. What can be considered in that is reasonable expenses. And case law has explicitly held, such as Johnson, that a fee award, which is insufficient to cover office overhead and expenses of trial, is clearly unreasonable. Kenyon also held it would be arbitrary and unfair and would result in a serious windfall if the court would deny reimbursement of expenses reasonably incurred by private counsel. So our argument is that you can get a reasonable fee and expenses should be considered. Your case law has interpreted this to mean that reasonable expenses should be considered, and if they don't cover the expenses of trial, that's an unreasonable judgment. Well, apart from the reasonable-unreasonable thing, what you keep saying, which I think is what Colleen's point is, that reasonable expenses are to be considered when you're determining the reasonable fee. Correct. You're not entitled to a fee, reasonable or not. I think that turns the statute on its head to say that if you don't seek a fee, you can't get expenses. In other cases – I'm sorry. You went too fast. It turns it on its head because why? Because it turns it on its head and it's saying that if you don't seek a fee, you can't get expenses. Right. I think that's what my colleague is suggesting. That's how it's read. Because the reference to expenses, it doesn't say – it doesn't talk about fees frequently. In fact, way more often than not, the two are divided. They talk about reasonable fees and separately reasonable expenses. And sometimes people are entitled to expenses and not fees. But here the statement is worded pretty differently than I usually see it, which is that the expenses are to be considered in determining the fee. And if pro bono counsel is not entitled to a fee, it doesn't matter if the expenses you're claiming are reasonable or not. That's how some people are reading the statute. Correct. However, there's been case law where they awarded fees or expert fees under the statute but not – Under what statute? Under 113, they've awarded expert expenses but not awarded attorney's fees. To pro bono counsel? Yes. In Evans, they awarded expert fees and Evans was a pro bono counsel from Jenner and Block. Okay. There's no doubt that had Jenner and Block not paid for these transcripts, the state would have paid for these transcripts under Rule 607. Whoa, whoa, whoa. What if you guys were such good pro bono counsel you won? Then we wouldn't be here today. You wouldn't be asking for the fees then, the transcript fees? I believe our expenses are based on and are reasonable because the expenses would have otherwise been incurred by the state under Rule 607. Whoa, whoa, whoa. I'm sorry. Go ahead. If you won – Had we won, we wouldn't have been entitled to free transcripts under 607 and we wouldn't have had this reasonable argument that we have here today that the state would have otherwise incurred these expenses under 607. So your point is that because these would have otherwise been paid for by the state, that's why you're entitled to fees? But if there was no duty to pay by the state, then you would not be entitled to these expenses? Is that your position? For this specific expense, yes, because the definition of reasonableness in Kenyon was if the state had otherwise been responsible for paying the expense. And in this case, the state would have been otherwise responsible for paying this expense under 607 and didn't pay for it when the judge explicitly excluded the transcripts. But doesn't Kenyon address fees that are reasonable, which the court knows about up front? I mean, these fees, the court didn't know about it until the end, and then you come in and ask for daily cop? I mean, doesn't Kenyon – isn't the premise of Kenyon is that the court knew the costs in advance? Yes. Did the judge talk about that? In Kenyon and in Lawson and some other cases, they did talk about timing. However, Evans, Kenyon, and Lawson all rejected making timing dispositive for reimbursement when the defendant otherwise had an entitlement to these expenses. And I think that's the case here because the defendant would have otherwise gotten these transcripts for free under 607 and didn't because the trial court explicitly excluded these. Okay. So I want to clarify. I guess he answered it already, though. Your whole thing is grounded on the fact that you lost and therefore the state was going to have to pay for fees if he chose to appeal, which is, I admit, a pretty foregone conclusion. You're not saying that these are reasonable fees standing on their own during the trial? Correct. We're saying these are reasonable fees because they would have otherwise been paid for by the state under 607, and that's how you get to the reasonableness determination under this. My thought process was sort of like the system wants to encourage law firms to do this, and it's one thing to ask them to give their time for free. It's another to ask them to dig into their pockets for cash. But that's not your argument, then, because if you win, you're going to dig in your pocket for cash and you're not going to get it back. Right? Well, under the statute, I don't think we'd be entitled to get it back if we won because we're entitled to reasonable fees, and I don't know that there's an argument that a daily transcript is reasonable because there's no argument that the state would have otherwise paid for it had we won. Yeah, I'm just kind of surprised you're foregoing the argument that the transcript's cost is reasonable at the time they're ordered. You're saying the determination of whether they're reasonable happens only later on when the jury comes back and says you lose. Because my theory is if you want to look at the policies behind this and want to encourage law firms to do it, why make them pay out cash as well? But that's not your argument because they're going to have to pay out cash if they're successful. I agree with your argument on the principle, and there are expenses such as expert fees and the like that should be reimbursed under 113 regardless of whether you win or lose, but the daily transcripts, I think, are a different issue than the expert fees because the statute explicitly provides for reasonable expert fees. It doesn't necessarily go into all the different other reasonable expenses that you could get. Right, and the statute with respect to expert fees doesn't specifically state appointed counsel. It's just if the defendant is indigent, correct? I mean, the statute with respect to reasonable fees that you're relying on for your transcripts talks about appointed counsel and indigent defendants. You're not appointed. Correct, we're not appointed. But as I mentioned before, in People v. Evans, the court awarded expenses, and that expressly mentioned that it was being represented by pro bono counsel, which was Jenner and Block as well. Okay, tell me why it is that you're concluding that the trial court didn't do it. That's what it said in the second hearing on this issue. In the third hearing, it just blanket denied it, and it didn't give any reasoning behind it. And I think at the very least, these expenses are reasonable to the extent of the cost of the Rule 607 transcripts, and the trial court didn't even make that determination. They just said absolutely not, no, no transcripts, no reimbursement, which we believe is unreasonable. I've lost track of how many hearings there were there. So you said in the second hearing regarding reimbursement of transcripts, the judge gave the impression that she didn't think she had authority to do it? Correct. We're talking about the same issue, the same transcripts? Correct. We had filed a motion for both reimbursement and for Rule 607 transcripts and for the finding of indigency of our client, and she had found our client indigent, ruled the 607 transcripts to be produced, but wasn't sure she had the authority to give us reimbursement, so she asked us to further brief the issue and come back for another hearing, which at that final hearing, she just denied without any reasoning the reimbursement. And did you ask her for an explanation for what? We did not. It's not on the record. I wasn't at that hearing. Didn't she mention that the transcripts were ordered daily transcript and she wasn't reimbursing for the daily transcript, but she would reimburse for those that weren't already paid for? Isn't that what she said? Correct. She ordered 607 transcripts, the ones not paid for, but not for the daily transcripts, but the daily transcripts were for eight days, and since that's eight days of transcripts we did not get under Rule 607 that we were entitled to. Well, did somebody ask her just to subtract the incremental 15% or whatever you said it was? No, she was not asked to do that. She was not asked to do that. No. Wasn't there some obligation to ask her before asking us? What are you asking us to do? You want us to give you the – and if you're basing this reasonable thing exclusively on a rule that doesn't directly apply, 607, but since they're going to have to pay for it anyway, they would only have to pay for the 85% of your cost, right? Right. I'm basing reasonableness on the Court's interpretation that if the State would have otherwise had to pay for the expense, it was reasonable, and what's clearly reasonable here, I think, is what the Rule 607 transcripts would have been, which according to the clerk when I called, the McHenry County Court, was 15.5% more for the daily transcripts than for the regular transcripts. So what are you asking us for? Excuse me, but that's not in the record anyway, the 15%, correct? No, this was a determination we made after all these hearings. Okay, but what is it you're asking us to award? We're asking you to award the reasonable expenses, which would be 15.5% less than what we paid for the daily transcripts, which is $6,121.94. Okay. Okay, Counsel, you'll have time for rebuttal. If there's some final point you want to make, I think you've made it. No, thank you. Counsel for State, please. May it please the Court, my name is Edward Busenica, and I represent the people in this matter. I would like to just address some of the points that were discussed with both the Counsel. First, I'd like to pick up on the general point of discussion that you raised, Justice O'Malley. I think defense counsel just conceded the invalidity of their argument here. If I understand her argument correctly, the expenses for daily transcripts only became reasonable once they lost at trial. That makes absolutely no sense. And the timing of their petitions further elucidates this point. The first time they asked for reimbursement, they asked for it under 607, which, as you know, provides the court indigent defendants with a transcript on appeal. It has nothing to do with trial expenses. And once the court correctly determined they couldn't get reimbursed under that rule, it was only then that defense counsel cited Section 113 and for the first time argued that these expenses were reasonable. And that was down below? Yes. So they went on a basis first to the trial court under Rule 607, which just isn't applicable other than it's not applicable to the situation. Right. I mean, she's arguing it's applicable by, you know, it leads to some sort of inevitable argument based on loss. So in the trial court, they tried Rule 607, and then in the trial court they made a second pitch for this? Right. The court said that there's no case law that the state would be required to reimburse defense counsel for these expenses. And then, I'm sorry, the county. So the court asked for additional authority. They came back with a petition under 113 for the first time calling these expenses reasonable, and the court denied the petition. And we can only assume based on the record here that the court disagreed that the expenses weren't reasonable. And as I stated when I first stepped up, defense counsel has conceded the point. Her argument is that the expenses only became reasonable once they lost. If they had won, they wouldn't be here asking for trial expenses. It just doesn't make any sense whatsoever. Well, weren't the transcripts, though, weren't they necessary for his defense? There's no showing here. I don't have a lot of experience in trial work, but daily transcripts, to my knowledge, aren't routinely requested by defense attorneys. No, not daily. That's, you're correct. They're not routinely asked for, certainly in a criminal case. But aren't the transcripts, not daily, necessary for his defense? I don't see a showing here of that. There's no particulars in the motion. There's just some generalities. Well, what's your response to her argument that she should be reimbursed or they should be reimbursed 15.some percent less? You know, I'm unaware of that percentage. It was my understanding that the production of daily transcripts was significantly more than what would have to be produced at the end. And as Justice Jorgenson aptly pointed out, it's not in the record. There's no basis to rule on that issue. What's your knowledge about the multiple production of these transcripts? Well, I pointed that out in my brief just as evidence that, you know, what happened here, the state ended up paying for an entire record on appeal for this defendant anyway, regardless of the daily transcripts that were produced. So that was just kind of a toss-in in my brief just to show, you know, what the record showed. But, I mean, the most important point that I'd like to bring up that I've already brought up, that defense counsel only argued these expenses were reasonable once they were told that they couldn't get them via 607. Even the case that they cite, while it doesn't necessarily – expenses don't have to be brought up immediately, it's usually at least during trial or in the case they cite, it was prior to trial, that Evans' case that they were also pro bono on, it was several months before trial that they requested reimbursement for these expert fees. But in this case, it was obviously an exercise in revisionist history. And, as I said, defense counsel conceded the invalidity of the point when she said the fees only became reasonable once they're lost. What about the policy of wanting to promote counsel to take cases pro bono? And shouldn't they – if they're giving their services without fee or charge either to the defendant or to the county, shouldn't there be some mechanism for reasonable expenses? And if so, what – how would you outline it? You know, that's a really good point, Your Honor. And, you know, in the abstract, I would think that would be a good policy to promote. Obviously, we don't have any rules at play that promote that policy. But I would think in a case that may be involved as the murder case here, that only firms with substantial resources would take on those type of cases, and therefore they'd be relatively more able to accommodate the expenses associated with the defense in those cases. There may be some, you know, smaller counties downstate where there isn't a general block that's willing to take a pro bono case. I would suggest to you or ask you, does the – should the rule be amended based on who pro bono counsel is, whether it's general block or it's John Doe? That might be something for the legislature to consider or the Supreme Court Rules Committees. In particular response to your point, I would think that in the smaller counties where they don't have those type of firms, more often than not going to see appointing counsel and not pro bono counsel in those larger centers. That's the distinguishing factor is when counsel's appointed, that's one set of rules. But when pro bono counsel takes a case, it is pro bono and that's it. And unless, like Evans, when you come in in advance and say, we're going to need an expert, et cetera, et cetera, and that's approved. Right. Right. Pro bono, you know, it means for good of the public, but it also means free of charge. I mean, that's written by a law dictionary. And there are special circumstances set out in statute for expert witnesses, correct? There are. I believe it's Section D of that statute that specifically refers to appointing counsel as well, as you pointed out. If there are no further questions, we would ask that this court affirm the trial court's decision in this case. Just a couple of quick points. Pointing out that our first brief was under 607 and we didn't bring up 113 until the second brief. I just wanted to point out that in the first brief on page 21, record page C2965, we did cite to case law under 113-3 Evans and Kenyon. Although, yes, we could have made it more clear that that motion was under 113 and 607. I'm sorry, you're talking about your briefs up here, right? Part of our appendix to the brief that we wrote, we attached all the motions that were in the trial court. So when you say your first brief didn't mention... Oh, my first motion, my misunderstanding. The first motion we brought in the trial court. In the trial court. Yes. Because you've mentioned 113 up here from the beginning. Correct. And the dollar number you requested was not minus 15%, right? Correct. And you've adjusted that today in our argument then to reduce the 15%? Well, we believe the daily transcripts were necessary to our defense. We're willing to concede under reasonableness that the reasonableness determination under 607 would be the regular transcript fee, which, according to the clerk, was 15.5% less. But, well, again, that's not in the record. And I've already told you, I'm having trouble with the idea of determining reasonableness based on 607. Go ahead. Second, they mentioned that you cannot, I don't think you can assume that the court made a reasonable determination. If you look at the transcript, there is no discussion of any factors or anything. She just simply denied the motion without any reasoning, and I can't say that that is a reasonableness determination. But is there an obligation to press the judge for some explanation? If we're going to come up here in anticipation of coming up here and saying the judge's ruling is unreasonable, is there an obligation at the trial level for a lawyer to press the judge and say, with all due respect and all that stuff, I'm going to go up to the appellate court? We have to know what your reasons are. Nobody did that, right? We did go to court three times on this issue, and there is some discussion in the second motion transcript hearing that you can see. But in the third transcript, she just denied it outright without any reasoning. Finally, while it's been argued that the state ended up paying for the entire record anyways, I'd just like to point out again that under the Rule 607 motion, the judge explicitly excluded the eight days of the trial transcript that we had ordered, so they weren't under any obligation to produce the entire record anyways. And they're correct that in the trial court, the first request to the trial court was based exclusively on 607. The first request was based on 607, but we also cited to Evans and Kinyon for this proposition. It wasn't clearly spelled out under 113-3. We didn't do that until the judge asked for further clarification on this reimbursement issue. But Evans and Kinyon talked about expert fees, which are specifically addressed under 113D, correct? Which are a little different than expenses under C, because C talks about appointed counsel or a public defender. D talks about an indigent defendant. Is there a distinction, or is it a distinction without a difference that I'm looking at? I think D goes into the specific expert expenses and sets out price limits. However, C also discusses expenses, and that's what we're going under is C. And C is for appointed counsel other than the public defender. Appointed counsel other than the public defender, correct? Correct. I just have one. I'm trying to figure out here. There's this talk about 607. You agree with me 607 doesn't – I mean, I understand your analogy to it and coming to the conclusion on reasonableness, but it applies only to the appellate level, right? Correct. It only provides for a free record of the court hearing if you file a notice of appeal. But coming back in your reply brief, there's a sentence, Mr. Smith's pro bono counsel paid the county's schedule rate for expedited production of the official transcript and expense to which any indigent defendant is entitled under Rule 607. And that's just not accurate, is it? At the trial level, the defendant's not entitled to anything under 607. It's just not – the rule doesn't apply. Correct. The wording there is a bit unclear. It's after you file your notice of appeal, you're entitled to Rule 607 transcripts, and I think that sentence is trying to make the analogy that we would have been entitled to these transcripts anyways, and we didn't get them paid for. But, I mean, the sentence I read refers to expedited production, which is something that would never be necessary under 607. Right. So I guess when they came back at the trial level, you guys tried 607, realized you were wrong, went to 113. At the appellate level, you talked about 113, and they pointed out how you misplayed it with 607 in the trial court. And then you come back in your reply brief and have this bald statement, they're entitled to expedited production, and the indigent defendant is entitled to it under 607. And that's what threw me for a loop here, because I'm trying to figure out what you've been arguing. That's just not a correct argument you're trying to make, that they're not entitled under 607. To expedited production, because that only would apply to the trial court. Well, that's all right. Anything further? Any closing comments? No, thanks. Okay, well, thanks. And, again, I want to emphasize that we think it's a tough situation. I don't understand a policy why we would want to have pro bono counsel dig in their pockets with these. Anyway, the matter is under advisement. We'll issue a decision in due course. There will be a short recess now before the next case is called. Thank you both for your hard work.